In the Matter of JOHN A. LYONS, as Commissioner of Correction of the State of New York, Respondent, against JONAH J. GOLDSTEIN, a Judge of the Court of General Sessions of the County of New York, Appellant.

JOSEPH BENDIX, Intervener, Appellant.

Argued December 1, 1942; decided March 4, 1943.

*Frank S. Hogan, District Attorney* (Stanley H. Fuld of counsel), for Jonah J. Goldstein, a Judge of the Court of General Sessions, New York County, appellant.

*Arthur H. Schwartz* and *Herbert J. Jacoby* for Joseph Bendix, intervener, appellant.

*John J. Bennett, Jr.,* Attorney-General (*Bernard L. Alderman* and *Patrick H. Clune* of counsel), for respondent.

RIPPEY, J. Joseph Bendix, the intervener in this proceeding, pleaded guilty on April 17, 1936, in the Court of General Sessions for New York County, to a charge of burglary in the third degree. On April 23, 1936, judgment was entered upon the basis of that plea and he was sentenced as a fourth felony offender to a term of imprisonment of not less than fifteen

years nor more than his natural life (Penal Law, § 1942). The plea was received, judgment entered and sentence pronounced by a court of competent jurisdiction and the sentence was mandatory. On April 27, 1936, he was in due course received in a State prison and commenced the service of his sentence.

On July 25, 1941, Bendix made an application to the Court of General Sessions to open the judgment of conviction, to withdraw his plea of guilty and to enter a plea of not guilty. He based his application on the ground that his original plea of guilty had been induced by fraud and misrepresentation on the part of a prosecuting official. Prior to the hearing on the merits of his application, the petitioner, the Commissioner of Correction of the State of New York, applied to the Supreme Court for an order of prohibition restraining and enjoining the Honorable JONAH J. GOLDSTEIN, a judge of General Sessions Court for the County of New York before whom the motion of the intervener was pending, from assuming jurisdiction of or taking any affirmative steps in connection with the application. Special Term held that the Court of General Sessions was without power to entertain the application and issued an order prohibiting Judge GOLDSTEIN from entertaining jurisdiction in the proceeding. The Appellate Division unanimously affirmed the order made at Special Term.

"The writ of prohibition is an extraordinary remedy for unusual cases, resorted to, not to correct errors, but in aid of substantial justice and to forbid the exercise of unauthorized power" (*People ex rel. Childs* v. *Extraordinary Trial Term,* 228 N. Y. 463, 468). We are not concerned with the merits of the intervener's application. The only question which we consider or upon which we pass is whether the tribunal before which the application was made has power, under any circumstances, to hear and determine an application to reopen a judgment of conviction which is based upon fraud and misrepresentation after the judgment has been entered and sentence has been imposed and the defendant has commenced his term of imprisonment. Effort is made to sustain the order upon the grounds, *first,* that the Legislature has by statute excluded any court from jurisdiction to reopen a judgment of conviction after sentence has been pronounced and the defendant has commenced the service of the term of imprisonment

imposed; *second,* that relief is provided by way of an application for executive clemency, and *third,* that the question is not an open one in this court. We think that the order may not be sustained upon any of these grounds.

Reliance is placed upon the provisions of section 337 of the Code of Criminal Procedure and section 2188 of the Penal Law. In determining whether the Legislature has, by those statutes, excluded the court from jurisdiction to entertain a proceeding to set aside a judgment of conviction upon the application of the person who is restrained of his liberty under such a judgment where he asserts that the judgment is null and void because his plea of guilty to the crime charged, which forms the basis upon which the judgment was entered, was induced by trickery, deceit, coercion or fraud and misrepresentation, the statutes must be construed in such a way, if possible, as to avoid their being declared unconstitutional (*Matter of Vanderbilt,* 281 N. Y. 297, 313). We must then necessarily consider, in that connection, whether the effect of the statutes, if construed in manner to preclude challenge of a judgment of conviction for nullity, would be a denial of due process (*Valz* v. *Sheepshead Bay Bungalow Corp.,* 249 N. Y. 122, 132).

Section 337 of the Code of Criminal Procedure provides that "The court may in its discretion, at any time before judgment upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." A simple reading of the section indicates that it applies by its express terms to a single situation that arises prior to the entry of judgment. There is nothing in its terms to show that it was intended to apply to a case such as the instant case. The section is permissive, not subject to the operation of the maxim, *expressio unius est exclusio alterius.* It merely authorizes the court, in its discretion, at any time before judgment upon a plea of guilty, to permit it to be withdrawn for any cause or for no cause at all and a plea of not guilty substituted. It does not purport to exclude jurisdiction of a competent tribunal to correct mistakes in its own judgments, or to investigate and, in a proper case and upon a proper showing, to set them aside at any time if they are based upon trickery, deceit, coercion or fraud and misrepresentation. To leave no doubt that section 337 was intended to apply only to the situation therein described, it

is provided in section 962 of the Code that provisions of the Code apply only to proceedings in criminal cases therein provided for.

Section 2188 of the Penal Law provides, as stated in its title, for "Suspending sentence; suspending execution of judgment; probation." It provides that " The court, judge, justice or magistrate authorized to impose sentence upon conviction may, except as otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment. In either such case he may place the defendant on probation." However, it provides that " Neither sentence, nor the execution thereof, shall be suspended, nor the defendant placed on probation (a) if convicted of a crime punishable by death or life imprisonment, or (b) if the defendant convicted is a fourth offender under section nineteen hundred forty-two, or (c) if the person is convicted of a felony committed while armed with a weapon as provided in section nineteen hundred forty-four." Then follows the procedure that the court must take prior to placing a prisoner on probation or suspending execution of the judgment and authority is conferred on the court to extend the period of probation from time to time within specified limits and to revoke an order suspending sentence or its execution and impose such sentence or make such commitment as might have been made at the time of conviction. Then follows, as part of the section, this provision: "Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced." The last quoted portion of the section cannot be lifted out of its context and applied to cases and circumstances to which it obviously does not and cannot relate. The section is limited in scope to the circumstances under which the court may or may not act as the Legislature has therein provided. The court's power to suspend sentence or the imposition of sentence, or to release an offender on probation, is the only limitation sought to be placed upon the power or jurisdiction of the court in criminal cases by that section.

If the order of Special Term were to be sustained upon a construction of the foregoing statutes in manner contrary to what we have above found to be their proper construction, the

statutes would be repugnant to the due process clauses of the Constitutions of the United States and of the State of New York which can be satisfied, at least, only when a person may be granted a hearing upon the merits before a competent tribunal where he may appear and assert and protect his rights (*Westervelt* v. *Gregg,* 12 N. Y. 202, 209; *Stuart* v. *Palmer,* 74 N. Y. 183, 191; *Matter of Doyle,* 16 R. I. 537, 538; *Mooney* v. *Holohan,* 294 U. S. 103; *Walker* v. *Johnston,* 312 U. S. 275; *Waley* v. *Johnston,* 316 U. S. 101, 104, 105). Although the Constitutions contain no description of those processes which it was intended to allow or forbid, it was not left to legislative power to enact any process which might be devised (*Murray* v. *Hoboken Land & Improvement Co.,* 18 How. 272). It must, consequently, be found that the Legislature has not attempted to legislate on the right of a prisoner to attack a judgment of conviction for fraud and misrepresentation and to forbid his appearing in a competent tribunal and asserting and protecting his rights upon the merits.

The inherent power of a court to set aside its judgment which was procured by fraud and misrepresentation cannot be doubted (*Furman* v. *Furman,* 153 N. Y. 309; *Matter of Holden,* 271 N. Y. 212). No logical distinction can be made between such power over judgments in civil cases and such power over judgments in criminal cases. There is nothing unique about a judgment or its execution in criminal cases which excepts it from the rules applicable to judgments generally and the inherent powers of the courts with reference to them. The power was exercised in criminal cases at common law through the writ of error *coram nobis* (*Robinson* v. *Johnston,* 118 F. 2d 998; *United States* v. *Mayer,* 235 U. S. 55, 67). If the judgment may be reviewed and set aside on the ground that it was procured by fraud, no reason presents itself why the court may not then permit the withdrawal of a plea of guilty because the record is then the same as if no judgment had ever been rendered. Indeed, it is settled that to deny a person an opportunity to be heard on proof that he was defrauded or coerced into pleading guilty to a crime would impair a constitutional right (*Walker* v. *Johnston, supra; Waley* v. *Johnston, supra*). It would be an extraordinary reversal of all precedent to deny to a competent tribunal power over its own judgments in either civil or criminal cases.

No statute has been called to our attention, nor have we been able to find any, where a competent court has been denied jurisdiction to reopen its judgment where the same was based upon trickery, deceit, coercion or fraud and misrepresentation in the procurement of the plea upon which the judgment was based. The District Attorney in his brief, in support of the jurisdiction of the Court of General Sessions, has a comprehensive digest and discussion of decisions in other states having penal and criminal procedural statutes similar to our own. We need not pause to review them here. It is sufficient to say that the overwhelming weight of authority upholds his contention that inherent jurisdiction exists in the court to entertain an application such as the intervener here seeks to present.

This court has not heretofore passed upon a situation such as is presented here and the cases relied upon by respondent are not in point. In *People ex rel. Hirschberg* v. *Orange County Court* (271 N. Y. 151, 155) it was held that a court has jurisdiction to entertain a motion to correct its records where it appears that a clerical error existed in recording a plea in a criminal case although judgment had been entered and the defendant had commenced service of his sentence. It was further said in the opinion in that case, " The Code of Criminal Procedure establishes the practice in all criminal cases and the authority for the orders and judgments of the courts," but any such statement must be read in connection with the question to be decided and we held, in spite of the apparent breadth and scope of the statement, that there was nothing in the Code to prohibit a court from exercising its inherent power to correct mistakes and errors in its judgments. In *Matter of Dodd* v. *Martin* (248 N. Y. 394) this court held in a second offender case that section 2188 of the Penal Law applied and, *after a heairng,* it appeared that an effort was being made to avoid the effect of the Baumes Laws. In *People* v. *Daiboch* (265 N. Y. 125), another second offender case, *a hearing was had and upon the merits* it was held that the defendant was not entitled to the relief which he sought. There it was suggested *obiter* by the court that when it appeared that a defendant in a criminal case was tricked or deceived into pleading guilty, the courts might find a way to reopen the judgment and permit the alleged offender to change his plea. In *Matter of Moore* v. *Thorn* (245 App. Div. 180; affd., 270 N. Y. 502),

another second offender case, *the court held a hearing and upon the merits* it was found that section 2188 of the Penal Law was applicable. In *People* v. *Bartindale* (259 App. Div. 841; affd., 284 N. Y. 681) the defendant moved to change his plea after imprisonment had commenced under a judgment upon a plea of guilty on the ground that he had been induced to enter the plea on the District Attorney's promise that he would get a suspended sentence. *A hearing upon the merits* was had in that case and the motion was denied at Special Term and we held that, in any event, the denial of the motion was discretionary.

The record here discloses that Bendix or someone in his behalf has made a number of applications during the past four years for executive clemency. On two occasions the District Attorney of the county of New York joined in the application and one of the applications was initiated by the judge who pronounced sentence. In spite of all that, all applications have been denied. The inadequacy of such a remedy, if it were a remedy, is clearly demonstrated by the record in this case. Nevertheless, executive clemency presents no such relief as Bendix desires and as he is entitled to receive, if he can, upon a hearing, establish grounds for the invalidity and nullity of the judgment of conviction. Executive clemency does not eliminate the fact of conviction; it merely results in ending further punishment (*People ex rel. Prisament* v. *Brophy,* 287 N. Y. 132). In *Roberts* v. *State* (160 N. Y. 217), when discussing the nature of a pardon, this court said at pages 221, 222: " * * * A pardon proceeds not upon the theory of innocence, but implies guilt. If there was no guilt, theoretically at least, there would be no basis for pardon. It is granted not as a matter of right, but of grace. In the language of another: ' A party is acquitted on the ground of innocence; he is pardoned through favor.' * * * If the judgment was erroneous, the remedy was by appeal or by application to set it aside, and not by pardon. That question was for the judicial branch of the state government to determine, and not for the legislative or executive department."

The orders appealed from should be reversed and the proceeding dismissed.

Lewis, J. (dissenting). On April 17, 1936, the present intervener-appellant appeared in the Court of General Sessions of New York County where he entered a plea of guilty to a charge

of burglary in the third degree. Thereupon, as a fourth offender, he received the mandatory sentence of fifteen years to life in a State prison. On July 25, 1941, when he had served more than five years of that sentence he applied at the Court of General Sessions for leave to withdraw his plea made in 1936 of guilty to the charge then made against him and for permission to substitute a plea of not guilty. The ground of his application in 1941 was his assertion that his plea of guilty in 1936 had been induced by fraud and misrepresentation in that he would not have pleaded guilty in 1936 had he not been " promised executive clemency " by an Assistant District Attorney whom he named. He has asserted further that — " If I had not received such a promise, I would undoubtedly have taken my chances upon a trial of the case and would have awaited a judgment of a jury as to whether my conduct was criminal."

In the present proceeding, which is in the nature of prohibition, we are not concerned with the merits of the appellant's application to the Court of General Sessions. Our inquiry involves the single question whether the appellant's application in 1941 to the Court of General Sessions calls for the exercise by that court of unauthorized power. (*People ex rel. Childs* v. *Extraordinary Trial Term,* 228 N. Y. 463, 468.) Was it within the power of the Court of General Sessions to entertain in 1941 the appellant's application for permission to change his plea of guilty after he had commenced the service of a term of imprisonment which was concededly the judgment of a court which acted within its jurisdiction?

The decision about to be made, as I view it, overrules, without a statement of adequate reason, the decision made by this Court in *Matter of Dodd* v. *Martin* (248 N. Y. 394). (See also, *People* v. *Daiboch,* 265 N. Y. 125, 131; *People ex rel. Woodin* v. *Ottaway,* 247 N. Y. 493, 496; *People ex rel. Paris* v. *Hunt,* 234 N. Y. 558; *People* v. *Vitale,* 211 App. Div. 814.) No serious effort is made to distinguish *Matter of Dodd* v. *Martin, supra,* from the case now before us. Indeed, such an effort, in my opinion, would be unavailing because it will be found, by an examination of the petition in the *Martin* case, that the question now before us was then presented for decision, at which time the opinion (per POUND, J.) stated (p. 396) " After judgment on a plea of guilty and the beginning of the term of imprisonment the court was

without jurisdiction to permit the defendant to change his plea.'' As authority for that ruling this court cited Code of Criminal Procedure, section 337 and Penal Law, section 2188.

In the past this court has found it necessary to point to the long recognized fact that — '' The Code of Criminal Procedure establishes the practice in all criminal cases and the authority for the orders and judgments of the courts.'' (*People ex rel. Hirschberg* v. *Orange County Court,* 271 N. Y. 151, 155.) In making that statement the court cited its prior decision in *People* v. *Glen* (173 N. Y. 395) where it was said (p. 400) that the provisions of the Code of Criminal Procedure '' embody the commands of the law-making power in matters wherein its fiat is supreme and final.'' By the decision about to be made I think the Court is entering a field for law-making reserved exclusively for the Legislature — a field '' wherein its fiat is supreme and final.''

In the exercise of its exclusive function to establish the practice in all criminal cases and the authority for the orders and judgments of the courts, the Legislature has dealt with the problem now before us and has expressly provided when and in what circumstances a defendant may withdraw a plea of guilty and substitute a plea of not guilty. Section 337 of the Code of Criminal Procedure provides: '' PLEA MAY BE WITHDRAWN BY PERMISSION OF THE COURT. The court may in its discretion, at any time *before* judgment upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted.'' (Emphasis mine.)

I interpret the statute last quoted above — which formed the basis of the rule in the *Martin* case, (*supra*) — as a clear statement by the Legislature of its intent to empower a court, in its discretion, to permit a defendant to withdraw a plea of guilty *before* the execution of the sentence begins, *but not otherwise.* That the Legislature, in the interest of the proper administration of criminal law in this State, intended thus to limit the power of the courts where the execution of a sentence has commenced, is made clear when we examine section 470-a of the Code of Criminal Procedure and section 2188 of the Penal Law. The provisions of those statutes relate themselves both to procedure to be followed and the power of the courts when matters are dealt with which involve the suspension of sentence and of

the execution of judgment. Section 2188 *id.* also relates to probation. I find it significant to our present inquiry that at the end of each of those statutes, and after prescribing certain procedure and the extent to which the power of courts may be exercised, the following express limitation upon such power is stated in identical language for each statute: " Provided, however, that the imprisonment directed by the judgment, shall not · be suspended or interrupted after such imprisonment shall have commenced."

The jurisdictional limitations made mandatory by the sentence last quoted above demonstrate, in my opinion, the Legislature's purpose consistently to maintain in this State the mandate to be found in section 337 of the Code of Criminal Procedure, which withholds from our courts the power which the appellant now invokes, *viz.,* to permit withdrawal of a plea of guilty after imprisonment has commenced. That a like rule limits the power of Federal courts is made to appear from the opinion by Mr. Chief Justice TAFT in *United States* v. *Murray* (275 U. S. 347), where the Supreme Court of the United States, in considering the power of a district court to grant probation, states (p. ·358) " The beginning of the service of the sentence in a criminal case ends the power of the court even in the same term to change it." (Citing *Matter of Lange,* 18 Wall. 163. See, also, *United States* v. *Mayer,* 235 U. S. 55, 70.) Such seems to be the rule in England. (*Regina* v. *Sell* [1840] 9 Car. & P. 346; 173 Eng. Reprint, 863; *The King* v. *Plummer* [1902] 2 K. B. 339.)

It may be that the application of the statute (Code Crim. Pro., § 337) which I believe should control our decision, will work hardship in this instance. But we have said (per LEHMAN, Ch. J.) that — " In practice, inflexible rules of procedure may deny to a person wrongfully convicted any further access to the court. Then his only means of redress is appeal to the executive." (*People ex rel. Prisament* v. *Brophy,* 287 N. Y. 132, 139.)

For the reasons stated I dissent and vote for affirmance.

LEHMAN, Ch. J., LOUGHRAN and DESMOND, JJ., concur with RIPPEY, J.; LEWIS, J., dissents in opinion in which FINCH and CONWAY, JJ., concur.

Orders reversed, etc.