In the Matter of FRANK S. HOGAN, as District Attorney of New York County, Petitioner, against COURT OF GENERAL SESSIONS OF THE COUNTY OF NEW YORK, Respondent.

JACOB SHAPIRO, Intervener.

Supreme Court, Special Term, New York County, June 4, 1945.

· *Frank S. Hogan, District Attorney,* in person (*Whitman Knapp* and *Harold R. Shapiro* of counsel), for petitioner.

*Emanuel H. Reichart, Benj. J. Jacobson, Sydney Rosenthal* and *J. Bertram Wegman* for intervener.

STEUER, J.   This is an application under article 78 of the Civil Practice Act, in the nature of a writ of prohibition to prohibit the Court of General Sessions from further hearing two certain motions now pending in that court.   The motions are to set aside two convictions had in that court.   They are in the nature of writs *coram nobis* as outlined in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19).   The first question presented is whether this court can or should entertain such an application.

Concededly the Court of General Sessions is the forum in which the convicted defendant, intervener here, must make his applications.   That court therefore has general jurisdiction to inquire into them and to determine whether or not to entertain the applications and if so what disposition should be made. The petitioner, District Attorney of New York County, claims that the motion papers before that court show on their face that the court lacks the power to grant the motions and consequently should be restrained from hearing them.   It is difficult to see how this conclusion derives from its premises.

Petitioner relies on the determination in *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131) as authority for his procedure.   And in so doing he is not without apparently substantial support.   There the hearing of a writ of habeas corpus in one branch of the Supreme Court was prohibited by another on the ground that the court should not entertain the writ.   In that case prohibition was exercised for the very purposes of preventing what would result from its exercise here.   The court said (p. 140): " Certainly a general rule that the judgment of a court having jurisdiction to try an accused may be challenged by writ of habeas corpus in another court upon the ground that the requirements of due process were not satisfied in all respects at the trial, would produce a chaotic situation." The situation would be no less confused if on every attempt to seek to have the court correct a possible error in its judgment the process would be subject to review in another court to determine whether the facts stated are sufficient to grant relief. Distinctions between the case at bar and the *Morhous* case (*supra*) on less general grounds can also be shown but not without a review of the intricate history of that proceeding which would be unsuitable here.

The motions are denied.