THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRED MADUGNO, Defendant.

County Court, Delaware County, February 17, 1948.

*Gleason B. Speenburgh, District Attorney,* for plaintiff.

*Boris Schneeberg* for defendant.

CURTIS, J.  The defendant and one Elmer L. Hunt were jointly indicted on a charge of unlawful entry in violation of section 405 of the Penal Law.  They were jointly arraigned and, being unattended by an attorney, they were advised that they had a right to an attorney to aid in their defense and were asked if they wished an attorney.  Both of the defendants unhesitatingly answered " No ".  Thereupon each pleaded guilty.

Formal statements of the defendants were taken under section 485-a of the Code of Criminal Procedure, and then the court made some further inquiries as to Madugno's habits of industry.  At this stage Robert L. Bishop, an attorney, entered the courtroom, and the court was informed that he represented Mr. Hunt.  He was designated to appear for Mr. Madugno as well as for Mr. Hunt, and further proceedings were deferred until Mr. Bishop had an opportunity of conferring with the defendants.

Later in the same day both defendants appeared with Mr. Bishop as their counsel, and no request was made to withdraw the pleas of guilty.  Counsel asked for leniency, and both defendants were sentenced to serve a term of nine months in the Onondaga County Penitentiary.

It now appears that prior to the presentment of the case to the Grand Jury, the defendant's present attorney had had some correspondence with the District Attorney relative to the case.  This correspondence does not indicate an appearance in the action but sought information from the District Attorney as to what recommendations he might make for leniency.  No notice of appearance under section 296-a was filed.

On the arraignment, neither the defendant nor the District Attorney advised the court that attorney Schneeberg was interested in the case.  Now attorney Schneeberg makes this application on behalf of Madugno for an order to set aside the conviction and for the return of the defendant from the Onondaga County Penitentiary for arraignment.

The moving papers might be considered insufficient, as they are made entirely upon the information and belief of the attorney without presenting any reason for the failure of Madugno to make and verify the petition.

Undoubtedly the court has inherent power to set aside a judgment of conviction and order a rearraignment of the defendant, although the defendant has already commenced to serve his sentence in a penal institution (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19). This is an extraordinary power which is justified when the judgment was procured by fraud or misrepresentation. The court has no such power when the only complaint is that an attorney who had previously been consulted was not afforded an opportunity to appear at the time of the arraignment. There is nothing in the moving papers to show that the defendant desired attorney Schneeberg to represent him upon the arraignment.

The rights of the defendant were carefully guarded; he was informed of his right to counsel; and, although he did not care for the aid of an attorney, nevertheless when an attorney appeared for his codefendant, one was imposed upon him. We do not think his constitutional rights were infringed by the court in insisting that he have an attorney when he did not desire one.

An order may be entered denying the application.