THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN GRATTOP, Defendant.

County Court, Delaware County, August 20, 1948.

*Gleason B. Speenburgh,* District Attorney, for plaintiff.

*David F. Lee, Jr.,* for defendant.

CURTIS, J.   The defendant was convicted November 18, 1938, of the crime of rape in the second degree.   The evidence of the complaining witness, then a girl twelve years of age, was corroborated by four other witnesses.   The evidence presented at the trial was clearly sufficient to justify the conviction, but various exceptions taken by the defendant's counsel presented troublesome problems on an appeal to the Appellate Division (258 App. Div. 1021).   The majority of the appellate court, with two justices dissenting, thought that the errors should be overlooked in view of the " overwhelming proof of defendant's guilt ".

The defendant received a five to ten years' indeterminate sentence.   He developed a mental incompetency and was transferred from the Attica State Prison to the State Hospital at Dannemora, and has thus served nearly all of the maximum term.

In November, 1944, six years after the conviction, the complaining witness, then a married young lady, made an affidavit before a notary public stating in effect that the defendant was innocent and that she had been compelled to testify falsely against him.   The affidavit was procured through the efforts of the defendant's mother.   No court proceedings followed the procurement of this affidavit.

A few months later, in April, 1945, she made a second affidavit containing greater detail and completely exonerating the defendant.   This affidavit stated that another named man was the guilty person, and that she had testified falsely before the Grand Jury and at the trial because the police officers and the District Attorney threatened to " send her away " if she did not testify against the defendant.

These two affidavits are now presented as a basis for relief *coram nobis.*   The affidavits show a proper case for such relief. However, on the return day of the motion, affidavits were presented to refute the charges of misconduct of the police officers and District Attorney.   An affidavit verified by complainant was also presented in which she recanted the previous recantations, charged the defendant as guilty, and claimed that the two earlier affidavits had been procured by the defendant's mother and sister by threats to harm her recently born son.

The court thought that the truth of the charges and countercharges could not be satisfactorily determined from ex parte affidavits and directed the personal attendance of the witnesses for examination and cross-examination.

As a result of this thorough investigation, two conclusions of fact are definitely made.   First.   The police officers and the District Attorney are exonerated from all charges of inducing the

complainant to testify falsely or of knowledge that she did so. Second. The complaining witness was and is a weak-minded individual, easily influenced, and willing to testify on a trial or by affidavit as she might be influenced by her changing whims at the moment. She is entitled to no credence. One cannot give more weight to her earlier affidavits than to later affidavits or oral testimony.

Her testimony on the trial was frequently contradictory, and on several occasions obviously false. Yet there was evidence by a physician indicating that she had had sexual relations with some person, and four corroborating witnesses indicated that the defendant was the guilty person. No doubt the value of her evidence was understood by the jury, which, despite this weakness, found that the defendant was guilty.

The courts have sanctioned relief by way of *coram nobis* in three classes of cases : (1) where a plea of guilty has been induced by the fraud or misrepresentation of the prosecuting officer (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19) ; (2) where the conviction has been obtained by the use of testimony known by the prosecution to be perjured (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131) ; (3) the failure of the court to advise the prisoner of his constitutional rights (*People* v. *Hoffner,* 191 Misc. 419).

Thus, the remedy has been restricted to cases where the court has been derelict in its duty or the District Attorney has been guilty of a fraud on the court. We are not willing to extend the relief to a case where at a later date the lack of a witness's credibility is more clearly evinced; particularly when this credibility was the principal issue on the trial.

The motion is denied.