Piper, J.
This is an appeal from an order of the County Court, Chautauqua County, which denied a motion by the plaintiff, as guardian ad litem of a child born out of wedlock, to set aside a previous order of the court, dated May 21,1948, approving or confirming, pursuant to section 121 of the Domestic Belations Law, a compromise agreement between Dorris F. Furst, the mother of the child, and respondent, the alleged father, for the support, education and maintenance of said child, and dismissed the proceeding. The plaintiff was appointed guardian ad litem of said child by the County Judge of Chautauqua County by order granted December 9, 1948, on petition of Dorris F. Furst.
Appellant’s petition recites his appointment as guardian ad litem, and alleges that the child is the illegitimate issue of Dorris Furst and respondent and was born on November 1, 1948; that on May 13, 1948, Dorris Furst and respondent “ executed an agreement compromising the liability of * * * Bancroft as the father of said infant child on the payment of * * * $1500 * * * to the said Dorris Furst * * * in certain installments * * Attached to the petition was the affidavit of Dorris Furst and it is the basis of the factual statements in the petition. Petitioner (appellant) alleges that respondent obtained the execution of the agreement by Dorris Furst through misrepresentation, fraud and deceit, in that he represented to her that the agreement was only for the purpose of showing the paternity of the child. He further alleges that the court did not know that Dorris Furst and respondent were living together as man and wife or that she had no counsel 6 ‘ but was tricked by * * * Bancroft to go to the office of * * * Lombardo, attorney for * * * Bancroft, who prepared said agreement ”. The order approving the agreement was made May 21, 1948. The petition also alleges that respondent and Dorris Furst lived together for another week after this date, when, it is claimed, she was tricked by respondent into leaving his home and returning to Texas *487 for a temporary visit; that shortly thereafter she discovered the fraud in procuring the execution of the agreement. It is further alleged that respondent is worth approximately $1,000,000 and has an income of $100,000 per year. It is further alleged that because the court did not know the true facts, the provisions of section 121 of the Domestic Relations Law were not complied with, and because of the concealment of the facts, the court could not have determined “ that adequate provision ” for the support of the child was made by the agreement, also, that the failure to set aside the agreement will deprive the infant of its just right to support, education and maintenance. The petitioner then asks for an order to show cause why the order of May 21, 1948, approving the compromise agreement executed May 13, 1948, between Dorris Furst and respondent for the support of the infant should not be set aside and declared null and void, and why respondent should not be required to adequately provide for the infant and to pay counsel fees and disbursements.
The supporting affidavit of Dorris Furst goes into considerable detail as to her relations with respondent, which is in substance contained in the allegations of the petition.
On the petition and the supporting papers, the County Judge signed an order directing respondent to show cause on April 1, 1949, why the order of May 21, 1948, should not be set aside and why an order should not be entered with respect to the filiation of the child and fixing the amount respondent should pay for the maintenance, education and support of the child and for counsel fees and fees to the guardian ad litem.
Counsel for respondent, on receipt of the order to show cause, served a notice of motion returnable at the same time, April 1, 1949, for a dismissal of the proceedings on various grounds, including the ground that petitioner does not have legal capacity to institute this proceeding.
On the return day of the order to show cause and the motion to dismiss the proceedings, only the motion to dismiss was argued. In his decision the Judge, after reciting the facts, agrees with the petitioner that the court has inherent power to set aside an order or judgment where it was procured by fraud, excusable mistake, irregularity or inadvertence citing Manahan v. Petroleum Producing & Refining Co. (198 App. Div. 192); Ladd v. Stevenson (112 N. Y. 325), and Matter of Lyons v. Goldstein (290 N. Y. 19). He then goes on to say “ that the party who seeks to intervene must be one whose rights in the subject matter have a legally recognized status *488 as distinguished from * * * a mere moral right ”, and he further points out that the ‘1 child has only those rights, so far as its putative father is concerned, as are conferred by statute ”. (195 Mise. 209.) He determined that this guardian ad litem did not have legal capacity to institute the proceeding, and granted the motion of respondent to dismiss the proceeding on that ground and made an order accordingly.
In Matter of Holden (271 N. Y. 212, 218) the court said: “ Undoubtedly fraud practiced on the court in the very act of procuring a judgment or order will justify a court in vacating such judgment or order.” In Matter of Lyons v. Goldstein {supra, p. 25) this language is used: “ The inherent power of a court to set aside its judgment which was procured by fraud and misrepresentation cannot be doubted ” (citing cases). “ No logical distinction can be made between such power over judgments in civil cases and such power over judgments in criminal cases.”
It will be noted that the petition in this case and the order to show cause ask for an order, not only to set aside the order of compromise"dated May 21,1948, but also that an adjudication be had respecting the filiation of said child.
The County Court of Chautauqua County is given jurisdiction . of a proceeding to compel a father to support and educate an illegitimate child, but, in the absence of a showing that the child is or is likely to become a public charge or that the mother is dead or under a disability, the proceeding must be brought by the mother or her personal representative (Domestic Relations Law, § 122). We think it unnecessary to cite further authority than the statement in People ex rel. Lawton v. Snell (216 N. Y. 527, 532): “ The proceedings by which the liability shall be determined and fixed are defined and controlled exclusively by the statutes which must be in their substance strictly and fully complied with ”, to enable us to determine that the relief asked for as to the adjudication respecting the filiation of the child could not have been given in this proceeding.
The question of the jurisdiction of the court to make the order sought to be set aside has not been raised. The record does not show that any proceeding, pursuant to section 122 had been commenced when the mother and the respondent appeared before the county court and requested an order approving the agreement that they had executed. Such an order may be made “ when the court having jurisdiction to compel support and education of the child shall have determined that the adequate *489 provision is fully secured by payment or otherwise. ’ ’ (Domestic Relations Law, § 121, italics supplied.) Subdivision 3 of section 122 gives jurisdiction to the County Court of Chautauqua County, but also provides “ The complaint shall be made to ” that court. Ordinarily, some pleading or process is required to institute a court proceeding. This section of the Domestic Relations Law seems to require a complaint. As the question of jurisdiction was not raised in the county court or on this appeal, we assume that such question is not before us.
Respondent contends that the order denying the relief asked for by the appellant is not. such an order as may be reviewed on appeal. He contends that the proceeding is quasi-criminal in character and that there is no right of appeal unless it is conferred by statute. The cases decided before April 1, 1925, on that point are not authorities which may now be relied upon, for by chapter 255 of the Laws of 1925, the sections of the Code of Criminal Procedure pertaining to bastardy proceedings were repealed and the subject matter of those provisions, with many changes, was enacted as article 8 of the Domestic Relations Law.
The Court of Appeals has laid down the rule that a filiation, proceeding is either civil or criminal in nature, depending upon the court in which it is initiated. If it was commenced in a children’s court, it is a civil proceeding. (Matter of Clausi, 296 N. Y. 354.) If it was commenced in the Court of Special Sessions of the City of New York, it is a criminal proceeding. (Feyler v. Mortimer, 299 N. Y. 309.)
Section 136 of the Domestic Relations Law sets forth who may appeal “ from any final order or judgment of any court having jurisdiction of filiation proceedings * * We think that section is not applicable to this proceeding and appellant does not so contend. He bases his right to appeal on subdivision 2 of section 631 of the Civil Practice Act. The pertinent provisions of that section are as follows: “ An appeal may be taken to the appellate division of the supreme court, * * *
“ 2. From an order, affecting a substantial right, made by a court of record possessing original jurisdiction, or a judge thereof, in a special proceeding instituted in that court, or before a judge thereof, pursuant to a special statutory provision * * *.”
Appellant has argued in his brief that the “ application was not started under the Domestic Relations Law, but has been brought to invoke the inherent power of any court to set aside its own decrees fraudulently obtained.” The proceeding was *490 not, therefore, instituted “ pursuant to a special statutory provision.” We reach the conclusion that no appeal lies from the order and the appeal must be dismissed.
In arriving at this decision we have not left this child without an opportunity to have her day in court. The mother may institute the proceeding to set aside the order of May 21, 1948, and for the other relief asked for by appellant to the extent that the statute permits, if such application is seasonably made.
The appeal should be dismissed, without costs.
All concur. Present — Taylor, P. J., McCurn, Love, Kim-ball and Piper, JJ.
Appeal dismissed, without costs.