■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY ROSATO, Appellant.— Appeal from an order of the County Court, Kings County, denying, without a hearing, an application in the nature of *coram nobis* to vacate a judgment rendered by said court on April 12, 1955, convicting appellant, on his plea of guilty, of robbery in the second degree and sentencing him to serve seven and one half to fifteen years. The application was made on the ground that appellant pleaded guilty on the promise of an assistant district attorney that if appellant co-operated with the District Attorney in the solution of certain crimes, the District Attorney would recommend a sentence of not more than five years. The affidavit submitted by the District Attorney on the application states that appellant is entitled to a hearing. Order reversed and matter remitted to said court for a hearing on the issues and for such further proceedings thereon as may be proper. Appellant should be afforded a hearing at which he may offer proof of his sworn allegations, including examination of his own counsel and the assistant district attorney, in an attempt to show that (1) the promise alleged to have been made by the assistant district attorney was in fact made, and (2) that appellant had provided sufficient co-operation with the District Attorney. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *People* v. *Richetti,* 302 N. Y. 290; *People* v. *Sullivan,* 276 App. Div. 1087.) Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ ABRAHAM SEIFERT, Respondent, v. SOCONY-VACUUM OIL COMPANY, INCORPORATED, Now Known as SOCONY MOBIL OIL COMPANY, INC., Appellant and Third-Party Plaintiff. JOSEPH KREBS, Individually and Doing Business under the Name of RELIABLE WINDOW AND HOUSE CLEANING COMPANY, Third-Party Defendant.— In an action by a window cleaner, to recover damages for personal injuries, against the owner of the building in which he was injured, the jury rendered a verdict in his favor against the owner. The appeal is from so much of the judgment entered thereon as is in favor of respondent against appellant. Judgment, insofar as appealed from, reversed on the law and the facts, without costs, and complaint dismissed. In the course of cleaning a window in a room of appellant's building, respondent used a board resting on a radiator as a means of getting out through the window and coming back into the room. He claimed that one of appellant's employees, a stranger to respondent, had told him to step on the board; that it was secure. After having cleaned the window, respondent came back into the room and knelt or stood on the board. The board gave way, causing respondent to fall. He claimed that he relied on appellant's employee for the safety of the board. There was no proof that this employee had anything to do with regard to respondent's activities. He was in fact a sales engineer who had nothing to do with the maintenance of the building and could not bind appellant, under the proof adduced, in relation to the work of a window cleaner. No actionable negligence was proved. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.