George J. Joyce, J.
Three persons were indicted in this county on the 11th day of January, 1941 and charged with homicide, murder in its first degree. They were Santo Caminito, Frank Bonino and the present petitioner, Charles Noia. They were brought to trial on February 16, 1942 and on February 21, 1942 all three were convicted of murder in the first degree, with the recommendation by the trial jury that the punishment for each be life imprisonment. On March 29, 1942 pursuant to the recommendation of the jury, each defendant was sentenced to Sing Sing Prison for the term of his natural life.
Thereafter, the defendants Caminito and Bonino appealed to both the Appellate Division and the Court of Appeals. The judgment of conviction was affirmed as to each. (265 App. Div. 960, affd. 291 N. Y. 541, reargument denied 296 N. Y. 1004, 297 N. Y. 882.) Caminito then petitioned the Supreme Court of the United States for an order of certiorari, which was denied (348 U. S. 839).
*448 We come now to 1954. In that year, Caminito filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of New York. The writ was dismissed. (United States ex rel. Caminito v. Murphy, 127 F. Supp. 689.) The United States District Court Judge, however, granted a certificate of probable cause and an appeal was taken to the United States Court of Appeals for the Second Circuit, which court reversed the District Court ruling unanimously. It vacated and set aside the 1942 conviction and remanded the matter back to this court. (222 F. 2d 698, cert. denied 350 U. S. 896.)
Caminito then made a motion before me to dismiss the indictment insofar as it concerned him. Upon a reading of the Grand Jury minutes, there appeared to be no legal evidence against Caminito except the corpus delicti and his alleged confession. But in the afore-mentioned United States Court of Appeals decision, Judge Frank held, as a matter of law, that Caminito’s alleged confession was involuntary and could not be considered. In a sweeping denunciation of the means employed to secure this alleged confession, he also stated, as appears in petitioner’s moving papers: “ These facts make it clear that the trial did not measure up to the standards prescribed by the due process clause of the 14th Amendment. The confessions obtained by these loathsome means were no more evidence than if they had been forged. Absent, then, any admissible evidence of guilt, the trial judge should have dismissed the indictment or directed a verdict of acquittal.” (222 F. 2d 698, 700.)
I reserved decision on Caminito’s motion until the district attorney of this county applied to the Supreme Court of the United States for certiorari to review the judgment of the United States Court of Appeals. Upon learning that this application was denied (350 U. S. 896), I granted Caminito’s motion and dismissed the indictment as to him.
The second defendant, Bonino, obtained a reargument of his appeal in our own Court of Appeals. Upon the reargument, that court vacated and set aside the judgment of conviction as to him and directed that he be retried. (People v. Bonino, 1 N Y 2d 752.)
Now comes the third defendant, Charles Noia, the petitioner herein, who is at present serving his life sentence upon the conviction on the same indictment. He asks for the same consideration that was afforded to the other two, that is, that his conviction be set aside because it was unlawfully obtained. He asks this court to do for him what the Federal courts did for Caminito and what the New York State Conrt of Appeals has done for Bonino.
*449 The district attorney in his affidavit opposing Noia’s motion recites the fact that Noia did not appeal his conviction to the appellate courts of this State as both Caminito and Bonino did; nor did he seek in the Federal courts, as Caminito did. The district attorney, therefore, argues in effect that, having failed to exhaust his State and Federal remedies, the petitioner may not now seek a review of his conviction, whether by way of a coram nobis proceeding or a writ of habeas corpus or any petition of similar or related nature.
It is true that Noia did not at any time seek appellate review anywhere of the judgment of conviction upon this indictment. The question thus arises whether or not he must serve out a life sentence imposed on what is now determined to have been a manifestly unlawful conviction, merely because he did not so appeal.
In the light of the developments in the highest courts of the State and Nation with respect to the cases of Caminito and Bonino, the reasons for Noia’s failure to press an appeal, whatever they may have been, have now become unimportant. What remains of paramount importance is the question whether substantial— or even elemental — justice is to be denied him merely by reason of an omission to take certain procedural steps.
Here we have this defendant Noia sitting out a life sentence in one of the State prisons on a conviction on a state of facts and law which it is conceded are identical with those of his codefendants Caminito and Bonino, on a conviction that our highest courts held in the Caminito and Bonino decisions to be an unlawful one and in violation of due process.
In such a situation should not common decency and substantial justice require a court such as the County Court on its own motion to rectify an injustice, and aside from the question of his guilt or innocence in the premises guarantee to Noia even at this late date a fair, a legal, an American trial? In other words, is it ever too late to extend justice to an accused?
Petitioner addresses his motion to the inherent power of this court to vacate its own judgment procured in violation of a constitutional right. That the power inheres to set aside judgments based on fraud and misrepresentation or on deprivation of due process has been authoritatively established, notably in Matter of Lyons v. Goldstein (290 N. Y. 19) and Matter of Morhous v. Supreme Court of New York (293 N. Y. 131). That fraud and misrepresentation were employed to secure the alleged confession which is the only substantial evidence in this case has been authoritatively established in the United States court’s findings (supra) in ruling on the Caminito writ of habeas corpus *450 (222 F. 2d 698). That Noia, no less than Caminito and Bonino, was deprived of his constitutional right to due process of law at his trial, is apparent from all the facts presented, as well as from the ruling of the higher courts which granted relief to his two codefendants.
This court is convinced that it would be a travesty on justice to withhold from petitioner the relief he seeks in view of the tainted antecedents of the conviction entered against him. To withhold the relief because of a procedural technicality would compound the injustice. On any conception of constitutional law, it would be unthinkable to condemn petitioner to serve out a life sentence on a palpably illegal conviction by foreclosing the only available avenue of judicial review.
It may be noted that in People v. Campbell, the Court of General Sessions (by Judge Mullen) held that it had inherent power to rectify its own judgment after this was determined to have been erroneous, even though the defendant in that case, like Noia, had not availed himself of the right to appeal the judgment. This decision of General Sessions has not been upset as far as we can learn.
On all of the foregoing, as well as on its own examination of all the facts, the court grants the petitioner’s motion. The judgment of conviction as against Charles Noia, is hereby vacated and set aside and a new trial ordered.
Enter order and serve the proper copies.