Fuld, J. (concurring).
Since 1943, when People ex rel. Lyons v. Goldstein (290 N. Y. 19) was decided, we have had many cases involving the writ of error coram nobis — and, almost invariably, it has been employed for the purpose, for which it was designed, of calling up facts unknown at the time of the judgment, facts which affected the validity and regularity of the judgment itself, facts which, if known, would have precluded the judgment rendered. We have expanded the scope of the writ, beyond its original purpose, to include cases in which a second or fourth felony offender asserts the invalidity of a prior conviction even though such invalidity is not ascribable to an error of fact not apparent on the record, (See, *200 e.g., People v. Shaw, 1 N Y 2d 30; People v. Kronick, 308 N. Y. 866.) That departure, however, furnishes no sound basis for extending it further to cover a situation such as is here presented.
It is difficult, if not impossible, to define the precise limits of cor am nobis, but there is a general guiding principle at hand. In determining whether or not the remedy may be invoked, we should have in mind, as Judge Burke has noted, that the writ is an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him. In the present case, other courses to remedy the asserted error were open to Sullivan and, accordingly, coram nobis may not be utilized. On the other hand, in People v. Silverman (infra, p. 200), any other remedy available to the defendant in that case would not have been adequate and for that reason recourse to the writ was proper.
Conway, Ch. J., Dye, Froessel and Van Voorhis, JJ., concur with Burke, J.; Desmond, J., concurs in result only in a separate memorandum and Fuld, J., in a separate opinion.
Order reversed, etc.