Desmond, Oh. J.
(dissenting). In this coram nobis petition defendant, convicted of manslaughter first degree in 1953 and now in prison, makes charges which if proven might make out a case of fraudulent suppression of evidence at his trial. There has been no judicial investigation into those charges. Our affirmance of a dismissal without a hearing means that there will not be, and probably never can be, any such investigation. This is a retreat from the positions taken in Matter of Lyons v. Goldstein (290 N. Y. 19), People v. Richetti (302 N. Y. 290, 296), People v. Picciotti (4 N Y 2d 340) and many other decisions.
Petitioner, confined in prison and acting as his own counsel, filed his handwritten coram nobis application in August, 1957 and the matter came on before General Sessions in December, 1957. There was no appearance by or for defendant. Although his petition prayed for a hearing to inquire into the facts and asked that he be brought from prison for the hearing, not only was no such trial held but the matter of taking testimony seems not to have been mentioned during the brief proceedings. The Assistant District Attorney told the court that defendant had been convicted of manslaughter and was seeking coram nobis *362 relief. He then informed the court that the coram nobis petition alleged that certain evidence favorable to defendant had been suppressed during the trial. He stated that, according to the coram nobis petition, this evidence had been known to the defendant and his lawyer in the criminal trial but that defendant’s own lawyer had advised him not to call the witness in question because it would be detrimental to defendant’s case. The prosecutor concluded his remarks at the coram nobis hearing by telling the court that there could be no suppression of evidence under these circumstances because defendant himself had decided not to call the witness in question and the District Attorney was under no obligation so to do.
The difficulty with this brief declaration by the assistant prosecutor on the return day of the coram nobis application was that, while it was accurate so far as it went, it did not adequately describe the situation. The handwritten coram nobis petition runs for several pages. Beginning at the top of the second page it accuses the District Attorney of suppressing evidence at the trial of the indictment and says that there was “ a strong indication of conspiracy between the defense counsel and prosecuting attorney ’ \ This latter was, of course, merely conclusory. However, the next paragraph of the petition is of considerable interest. In that paragraph the petitioner swears that a named woman was an eyewitness to the acts performed by defendant and for which he was convicted of manslaughter, but that this woman was not produced at the trial. Then there appears in the petition what purports to be a quotation from a written statement made by this woman to the police before the trial of the indictment. This purported excerpt from her statement is to the effect that she was standing next to defendant on the night of the killing and saw him walk through a door into the street and saw three men (one of whom was the manslaughter victim killed by this defendant) and that she saw those three men attack defendant by throwing bottles and stones at him. The significance is that this bore directly on the only issue of fact tried to the jury in the manslaughter case.
We turn to the manslaughter case itself. Defendant was charged with, and convicted of, killing one George Parker by stabbing on New Year’s Eve, 1952. Earlier in the evening in a New York City apartment, defendant had gotten into an argu *363 ment with some people, one of whom was the later victim Parker, about an accusation made against defendant Brown by one of the people in the apartment that Brown had stolen a pair of eyeglasses belonging to one of them. The manslaughter trial testimony was that at that time Brown had a knife and threatened to kill. There was proof at the criminal trial that, later that night, defendant encountered Parker and another man and that defendant stabbed and killed Parker. At the trial defendant pleaded self-defense, took the stand as his only witness and told the jury that, as he came out of the front doorway of the apartment house, Parker and some other man were lying in wait for him and began to throw garbage-can covers, bottles and stones at him and that in self-defense he stabbed Parker.
The quoted excerpt in the coram nobis petition, from the statement said to have been made by a woman bystander, closely corroborated defendant’s trial testimony. However, so far as we can find from the trial record, not only did defendant not mention in his testimony that this woman was nearby or saw the affray but there was no mention or reference at the criminal trial to the existence of such a witness or to the existence of the statement from which defendant now purports to quote in his coram nobis petition.
Defendant says in his coram nobis petition that before the trial his court-appointed counsel told defendant that the woman bystander and several other witnesses would testify in his behalf but that, just as the trial started, this assigned defense attorney advised petitioner against calling the woman as a witness, because of a criminal charge pending against the woman’s husband. Defendant says in the petition that the lawyer advised him not to take the stand and that, when he insisted on taking the stand, defense counsel told him not to mention the woman’s statement and that counsel would take care of the matter. The rest of the petition argues that it was the duty of the District Attorney to see that the jury knew about this statement.
There should have been a trial of the issue raised by this coram nobis application. The mystery about this woman and her statement should have been investigated. Of course, the District Attorney would not have to use such a statement at the trial so long as he fairly disclosed its existence to the defense, and defendant says he did know of it. However, it is quite *364 remarkable (if the statement existed) that no use whatever was made of it by the defense on the criminal trial. The statement would not be evidence in chief but it could be important in other ways. It may well be that the defense counsel in his best judgment decided, for one reason or another, that it would not help defendant to call this witness even though she would testify as an eyewitness that defendant acted in self-defense. Regardless of all of this and of any such speculations, including speculation as to whether the woman and her statement ever existed, the interests of justice clearly required that General Sessions hold a hearing. Defendant is serving a long prison sentence. The Assistant District Attorney who represented the People at the coram nobis hearing had, apparently, not learned whether there had ever been such a witness or such a statement.
We are all familiar with the settled general rule that, when a coram nobis petition alleges facts which if true would entitle petitioner to relief, there must be a trial of those allegations unless their falsity is conclusively demonstrated by unquestionable documentary proof (People v. Richetti, 302 N. Y. 290, 296, supra, and other eases cited in People v. Picciotti, 4 N Y 2d 340, 344, 345, supra). That Picciotti case has a definite bearing here. We said that there must be a trial of Picciotti’s allegation that his guilty plea was entered because an Assistant District Attorney had told him that if he did not so plead to that one indictment he would be brought to trial on several others and if convicted would receive the longest possible sentence. The District Attorney’s answering affidavit in the Picciotti case (there is no answer at all in this case) pointed out that his only conversation with defendant had been in open court and that defendant was represented by counsel at the time. It was argued also in the Picciotti case that these were mere unsupported conclusory statements by the petitioner. We held that there had to be a trial of Picciotti’s allegations even though his own lawyer had urged him to plead guilty.
The order should be reversed and a trial ordered of the allegations of the coram nobis petition.
Judges Dye, Froessel, Van Voorhis and Burke concur with Judge Fuld ; Chief Judge Desmond dissents in a separate opinion.
Order affirmed.