Burke, J.
(concurring for reversal solely on the ground that on this record the petitioner has not shown the situation to be one of “ extreme necessity ”). Since prohibition is an extreme remedy reserved to those situations where a public official is to be restrained from the performance of an act which is clearly and unquestionably beyond his jurisdiction (Matter of Lyons v. Goldstein, 290 N. Y. 19, 22; Matter of Baltimore Mail S. S. Co. v. Fawcett, 269 N. Y. 379), the only basis for the restraint here would be that the trial of the indictment laid pursuant to section 1053-a of the Penal Law would conclusively and without doubt place petitioner in double jeopardy with reference to that crime because he had been prosecuted and acquitted on charges of violating section 1190 of the Vehicle and Traffic Law and other sectidns of the Vehicle and Traffic Law. This record does not support such a contention. The information and the indictment use only the language of the respective statutes. There are cases which recognize that it is possible to convict a defendant of a violation of section 1053-a of the Penal Law without the necessity of proving the crime defined in section 1190 of the Vehicle and Traffic Law. (People v. Decina, 2 N Y 2d 133; People v. Eckert, 2 N Y 2d 126.) Therefore, the extraordinary remedy of prohibition is not available to defendant. This is not to say, however, that the defendant is deprived of the defenses of double jeopardy and collateral estoppel. If it appears on the trial that the People in showing culpable negligence rely on proof of the same inseparable acts the People attempted to establish in the prosecution under the Vehicle and Traffic Law, it would be clear at that time that1 jeopardy had attached. (See People ex rel. Maurer v. Jackson, 2 N Y 2d 259, 264.) The test is whether the defendant has corikaitted inseparable acts made punishable by more than one statute or whether he had com *252 mitted separate and distinct acts each of which was a violation of law. Under the former situation the defendant would be twice in jeopardy, under the latter he would not.
The problem is to be resolved on the basis of the defendant’s “ acts ”, not by any test based upon difference in proof necessary to convict under the statutory definition of each of the crimes arising out of the defendant’s conduct. Proof of a death is not proof of such a separate or distinct act or different kind of conduct. Criminal liability arises in connection with a death only when culpable negligence is proven beyond a reasonable doubt. Hence if it appears that the acts which wore alleged to violate section 1190 of the Vehicle and Traffic Law or the other sections of the Vehicle and Traffic Law are the same acts upon which the People’s case for culpable negligence rests at the trial of this indictment ‘ ‘ in view of the fundamental character of the rule that a man shall not be twice vexed for the same cause and the deep roots it throws into the history of the criminal law ” (People v. Lo Cicero, 14 N Y 2d 374, 378), the indictment must then fall. The considerations underlying this State’s policy of immunity on the ground of double jeopardy long antedate the decisions of the sister States referred to by the People and have never been repudiated in a case where there has been an acquittal.