Joseph A. Nevihs, J.
This is an application by the above-named defendant-petitioner, now detained in the Dannemora *389 State Hospital, for an order vacating a judgment of conviction had in the Supreme Court, Monroe County, on the 14th day of October, 1968. The petitioner was then sentenced, upon his plea of guilty to a charge of murder (Penal Law, § 125.25), to a term of not less than 25 years and a maximum of life imprisonment. The petitioner now alleges that he was insane at the time the crime charged was committed and continued so through plea and sentencing.
The indictment in this prosecution was returned by an Erie County Grand Jury but the action was removed prior to trial to the Supreme Court, Monroe County, by an order of the Appellate Division, Fourth Department, presumably pursuant to the provisions of sections 344 and 346 of the Code of Criminal Procedure. This raises the question whether the present application is properly before this court for adjudication on the merits.
Section 351 of the Code of Criminal Procedure provides that upon the granting and filing of an order of removal the Clerk of the court in which the indictment is pending: “must thereupon transmit the same with the pleadings and proceedings in the action, including all undertakings for the appearance of the defendant or of the witnesses, or a certified copy of the same, to the court, to which the action is removed.”
Section 353 provides that upon the filing of the order of removal as required by section 351 “ the court to which the action is removed, must proceed to trial and judgment therein. ’ ’
The intent seems clear then that all proceedings following removal are to take place, in the court to which the action has been removed and, since an application to vacate a judgment of conviction, may only be made in the court where the judgment was rendered (Matter of Morhous v. New York Sup. Ct., 293 N. Y. 131; Matter of Lyons v. Goldstein, 290 N. Y. 19), the present application may not be entertained by the Supreme Court, Erie County. The petition should be denied without prejudice to a renewal thereof in the Supreme Court, Monroe County, should the petitioner be so advised.