The People of the State of New York ex rel. Frank Lee, alias Alfred Minutolo, Respondent, against J. Vernel Jackson, as Warden of Clinton Prison, Respondent. The People of the State of New York, Appellant.

Third Department, November 18, 1954.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Raymond B. Madden* and *Manuel T. Murcia* of counsel), for appellant.

*Frank Lee,* respondent in person.

*Edward S. Silver, District Attorney of Kings County.*

*Per Curiam.* Relator was indicted in Kings County on a charge of attempted robbery in the first degree on March 5, 1936, and entered a plea of not guilty. On May 13, 1936, the District Attorney surrendered relator to a United States Marshal to be prosecuted on an indictment for an unrelated Federal offense in the United States District Court for the Southern District of New York. Relator was convicted of the Federal offense and sentenced to prison. He was released from a Federal penitentiary in California (where he had been transferred while serving his sentence imposed in the Southern District of New York) on July 15, 1946. He was thereafter brought back to Kings County, New York, and tried on the attempted robbery indictment returned on May 5, 1936. Relator was present in Kings County Court and represented by counsel during that trial, and was convicted and sentenced as a second offender to twenty-five to forty years in State prison on May 13, 1947. This is the imprisonment affected by the order under review. The warden's return to the writ sets forth, among other things not involved in this appeal, the judgment of conviction of the Kings County Court. That Kings County Court had general criminal jurisdiction of the offense charged, and that the defendant was present and represented by counsel during his trial is not questioned. Upon these facts alone it appears that the relator was imprisoned by virtue of a judgment of a court of competent jurisdiction, having jurisdiction of the crime charged and the person of the defendant, and the writ should have been dismissed. (Civ. Prac. Act, § 1252.)

The County Court has sustained the writ upon two grounds: (1) that relator's constitutional rights were violated in that he did not have a speedy trial; and (2) that by surrendering relator to the Federal court the State of New York relinquished its jurisdiction of the defendant and could not legally return him from another State for trial. Neither of these grounds was available to relator in habeas corpus proceedings. Where the imprisonment is under a final judgment of conviction the inquiry is limited to the issue of jurisdiction of the person and general jurisdiction of criminal offenses. (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131; *People ex rel. Carr* v. *Martin,* 286 N. Y. 27; *People ex rel. Doyle* v. *Atwell,* 232 N. Y. 96.)

The contention that the prisoner did not have a speedy trial is a matter which must be raised at the trial, and may not be raised years after the trial by writ of habeas corpus.

As to the second ground, though no evidence was taken upon the return of the writ, the petition alleges in substance that relator was illegally spirited out of the State of California while extradition proceedings were pending and returned to New York for trial, and that he could not have been legally extradited. The lower court seems to have mistaken the issue and determined that, because relator was surrendered to the Federal authorities by the District Attorney, he was not a fugitive from New York, was not subject to extradition, and that therefore the Kings County Court was without jurisdiction. The question was not whether he could be brought back, but rather whether the court had jurisdiction of the person when he was here and personally present in court. The only issues are the general jurisdiction of the Kings County Court over the offense and the actual presence of the defendant. Neither is questioned. We cannot agree that the Kings County Court lost all jurisdiction by the temporary surrender of the defendant by the District Attorney, or that a controversy over the manner in which it reacquired jurisdiction of the person renders its judgment a nullity. The cases relied upon by the court below, and those cited by respondent in his brief, are cases where the defendant was surrendered to the demanding State by the Governor of the asylum State in the exercise of executive power, and the question presented was the right to return, by extradition, the defendant to the asylum State as a fugitive therefrom. None of them decides the jurisdiction of the court in which the defendant was tried when he was actually present within the jurisdiction of that court.

If the defendant has been convicted in violation of his constitutional rights he has a remedy. The power of a criminal court to set aside its own judgment procured in violation of a constitutional right has always existed at common law, and that fact was made abundantly clear by *Matter of Lyons* v. *Goldstein* (290 N. Y. 19). In *Matter of Morhous* v. *New York Supreme Court* (*supra*) the field of proper remedy was re-examined by the Court of Appeals, and any doubt which may have existed was dispelled. The Court of Appeals not only reasserted the defendant's remedy by a proceeding in *coram nobis,* but determined that such a remedy was exclusive, and that habeas corpus was not a proper remedy under the circumstances present here, saying, at pages 137–138: " We cannot agree with the conclusion that under the law and practice of this State, a person imprisoned under a final judgment of a court which had jurisdiction of the person and general jurisdiction to try the charge

and which had not exceeded its jurisdiction, has ever been entitled to a writ of habeas corpus, though the judgment was obtained by fraud or deception or the trial was conducted in manner which failed to satisfy the constitutional requirement of due process." And, at page 140: " Controverted questions of fact whether the relator is deprived of his liberty without due process can be determined only by a motion to vacate the judgment made in the court which granted it. The Supreme Court of this State has not jurisdiction to determine that question upon a writ of habeas corpus."

This question of the proper remedy may not be considered purely technical and one which may be brushed aside. It is not conducive of sound or efficient judicial functioning or necessary for the assurance of all constitutional rights, to permit a litigant to resort to first one remedy and then another — to first one court and then another — to test originally the legality of a judgment. As stated in the case of *Matter of Morhous* v. *New York Supreme Court* (*supra,* p. 140): " Certainly a general rule that the judgment of a court having jurisdiction to try an accused may be challenged by writ of habeas corpus in another court upon the ground that the requirements of due process were not satisfied in all respects at the trial, would produce a chaotic situation."

The order should be reversed and relator remanded to the custody of the warden of Clinton Prison.

BERGAN, J. P., COON, HALPERN, IMRIE and ZELLER, JJ., concur.

Order reversed on the law and facts and relator remanded to the custody of the warden of Clinton Prison.