Jacob K. Javits, Atty. Gen., State of New York, appearing on behalf of respondent. Raymond B. Madden, Asst. Atty. Gen., of counsel.

**UNITED STATES of America ex rel. Edward MORGAN, Relator,**

v.

**J. Vernal JACKSON, as Warden of Clinton Prison, Dannemora, State of New York, Respondent.**

**Civ. No. 5786.**

United States District Court
N. D. New York.

Sept. 29, 1955.

FOLEY, District Judge.

Edward Morgan, the relator, filed an application for a writ of habeas corpus. He is confined to Clinton Prison, Dannemora, New York, and his petition states that because he was denied a speedy trial he is held in violation of the Sixth and Fourteenth Amendments of the United States Constitution, Article 1, Section 6 of the New York State Constitution, and several named New York statutes. Pursuant to the procedure authorized in 28 U.S.C.A. § 2243, an Order to Show Cause why the writ should not be granted was mailed to the District Attorney of Queens County, the respondent Warden, and the Attorney General of the State of New York. It is a good procedure. It allows the court to obtain the details of the factual background involved, and gives reasonable opportunity to the State to support with legal authority the custody of the Warden, which may dispense with the production of the prisoner and formal hearing.

An appearance on the return day, September 19, 1955, was entered in behalf of the respondent Warden and the Attorney General of New York. Decision was reserved. A detailed affidavit dated September 23, 1955, with formal exhibits attached was duly submitted by Assistant Attorney General Raymond B. Madden in opposition to the petition. A letter from the prisoner, dated September 25, 1955, in apparent answer to the contentions of the affidavit has been received by me and shall be considered and made part of this record to be filed with the Clerk.

It appears that Morgan, on December 9, 1942, was sentenced to twenty-five to

thirty years in Kings County upon his plea of guilty to the crime of robbery, second degree. This plea was made to an indictment filed in November, 1942, in the Kings County Court. Although it is not important to the matter at hand, this sentence was reduced in October, 1952, to nine and one-half to ten years, or "time served". However, in November, 1942, the petitioner was also indicted in Queens County, N. Y., for robbery, first degree, grand larceny, first and second degree, and second degree assault. It is upon this indictment that the petitioner claims he did not have a "speedy trial" in violation of his constitutional rights.

When Morgan, in 1942, entered upon his twenty-five to thirty-year sentence in Sing Sing Prison, he stated a warrant was placed against him upon the pending Queens indictment. He now states in his petition that prior to September 26, 1951, he made two unsuccessful attempts to submit a "Notice and Demand" to bring up or dismiss the Queens County indictment. The time of these attempts is not set forth but he does submit a photostat of a communication from the Warden of Clinton Prison, dated September 26, 1951, returning his "Notice and Demand" addressed to the District Attorney of Queens County to "bring up" the indictment, and advising that a warrant has been filed by the District Attorney at that Prison, and that the matter will be disposed of at the expiration of his sentence. The affidavit of the Assistant Attorney General does not controvert these allegations. In any event, the Queens County indictment found in 1942 did not come to trial until March, 1953. At that time the petitioner was represented by experienced counsel, Maurice Edelbaum, Esq., United States ex rel. Caminito v. Murphy, 2 Cir., 222 F.2d 698, and the petitioner states that the motion of his attorney to dismiss the indictment for lack of jurisdiction because of the actions of New York correction official in blocking his efforts to demand a speedy trial was denied. Apparently, the trial commenced because the petitioner claims that the hostile atmosphere of the trial and the fear of longer punishment, if he were convicted, caused him to plead guilty only to the assault second degree count of the indictment on May 19, 1953, for which he received a sentence from five to ten years. It is this judgment of conviction only, entered on May 19, 1953, that the petitioner seeks to attack in this application for habeas corpus.

The petitioner has made no application of any kind to the Courts of New York for relief from this conviction. It is his ingenious and somewhat persuasive argument that in reality there are no available remedies in the courts of New York. He says it is doubtful that an appeal lies from a judgment upon a plea of guilty, People v. Jacoby, 304 N. Y. 33, 41, 105 N.E.2d 613, that habeas corpus will not lie, People ex rel. Lee v. Jackson, 285 App.Div. 33, 135 N.Y.S. 2d 345, affirmed 309 N.Y. 676, 128 N.E. 2d 322, nor will coram nobis, because the question is one presented already as a matter of record to the sentencing court.

However, I am not as certain as the petitioner that the learned and progressive courts of New York would leave the petitioner without any available remedy of review as to his alleged constitutional deprivation. Nor does it seem conclusive by statute or judicial decision that he has no remedy in the State Courts. Turner v. Eidson, 8 Cir., 215 F.2d 728, 730. Without becoming his legal advisor, there is clear authority in New York as to possible avenues of approach to challenge a judgment of conviction obtained in alleged violation of a constitutional right. People ex rel. Lee v. Jackson, 285 App.Div. 33, at page 35, 135 N.Y.S.2d 345; Lyons v. Goldstein, 290 N.Y. 19, 47 N.E.2d 425, 146 A.L.R. 1422; Morhous v. Supreme Court of New York, 293 N.Y. 131, 140, 56 N.E. 2d 79; People v. McCullough, 300 N.Y. 107, 110, 89 N.E.2d 335. A writ of coram nobis is now available to challenge federal convictions. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. It may also be well to point out that as far as the possible effectiveness of appeal is concerned, it was point-

ed out in Brown v. Allen, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469, that a showing that time has passed for appeal is not enough to empower the federal District Court to issue the writ of habeas corpus.

Section 2254, Title 28, U.S.C.A. as to the exhaustion of state remedies previous to an application in federal district court for habeas corpus has been consistently and strictly construed to include all appellate remedies in the state courts and the petitioning for a writ of certiorari in the United States Supreme Court. Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, supra, 344 U.S. at pages 486–487, 73 S.Ct. at page 422. The statute and these authorities control and in my judgment the short cut attempted by the petitioner to review his constitutional problem cannot be allowed.

The application for the writ of habeas corpus is denied and the petition dismissed. The papers shall be filed by the Clerk of the Court without the usual requirement for the prepayment of fees, and it is

So ordered.