■ ANGELO VONA, Appellant, v. BRIDGE AND SECOND STREET REALTY CORP., Defendant and Third-Party Plaintiff-Respondent. CHARLES BOARDWAY, Third-Party Defendant-Respondent.— Appeal dismissed, without costs, upon stipulation.

## FOURTH DEPARTMENT, SEPTEMBER, 1955*
## (September 21, 1955)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARIANO FILI, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Motion to appeal as a poor person and for other relief denied on the ground that the papers fail to show merit to the appeal.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY H. STEVENS, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Motion to appeal on original record and typewritten briefs denied on the ground that the papers fail to show merit to the appeal.

## FOURTH DEPARTMENT, NOVEMBER, 1955*
## (November 16, 1955)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GLENN ARMSTRONG, Appellant.— Motion to appeal as poor person denied on the ground that the papers fail to show merit to the appeal.

## FIRST DEPARTMENT, FEBRUARY, 1956
## (February 7, 1956)

■ FRIEDA RADER et al., Appellants, v. MANUFACTURERS CASUALTY INSURANCE COMPANY OF PHILADELPHIA, PENNA., et al., Respondents.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ. [See post, p. 824.]

■ In the Matter of MAURICE O'CONNOR, Respondent, against NEW YORK CITY TRANSIT AUTHORITY, Appellant.— It appears that since the entry of the order appealed from the petitioner has been retired as an employee of the New York City Transit Authority by virtue of the adoption of a resolution by the board of estimate of the City of New York, effective as of June 1, 1955. Order unanimously modified so as to provide that the New York City Transit Authority be directed to pay to the petitioner, Maurice O'Connor, his full pay as a conductor in defendant's employment from August 26, 1954, to May 31, 1955, less any sick leave with pay and vacation with pay granted by the defendant to the petitioner during such period, and less any other compensation earned by the petitioner from any other occupation during such period and, as so modified, the order is affirmed. Settle order on notice. Concur — Peck, P. J., Bastow, Rabin and Frank, JJ.

■ NORTH AMERICAN PAPER PROCESS CO., INC., Appellant, v. INTERCONTINENTAL PAPER PROCESS COMPANY, Respondent and Third-Party Plaintiff. ALEXANDER T. HUSSEY, Third-Party Defendant.— Order entered September 8, 1955, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Bastow, Rabin, Cox and Frank, JJ.

* Not published with other decisions of Sept. 21, 1955, 286 App. Div, 985, and Nov, 16, 1955, 286 App. Div. 1143.— [REP,