Hyman Barshay, J.
This is a motion to vacate a judgment of conviction for rape in the first degree, upon which the defendant, on November 29, 1937, was sentenced as a third felony offender to Sing Sing Prison for a term of 40 years and for an additional term of 5 years for being armed at the time of the commission of the crime. He bases his application on the ground that he had been deprived of his constitutional rights to a speedy trial, as guaranteed to him by section 8 of the Code of Criminal Procedure.
On March 14, 1933, he pleaded guilty to bigamy and was sentenced on March 27, 1933 to State prison for a term of *917 5 years. On March 30, 1933, while he was serving the aforesaid sentence, he was indicted for rape in the first degree and pleaded not guilty on April 10, 1933.
On July 19, 1937, after serving four years of his term for bigamy, he was returned to the Kings County Court for trial for rape in the first degree. He offered no objection to the trial proceeding. There was no motion to dismiss the indictment for his failure to get a speedy trial. He was found guilty by a jury and on November 29, 1937, he was sentenced by the Honorable Framtllih Taylor, then a Judge of Kings County, to the term which he is now serving.
As authority for this application, the petitioner urges the holding in People v. Prosser (309 N. Y. 353) which, in my opinion, has no application. In that case, a motion was made to dismiss the indictment before the trial began on the ground that he was deprived of Ms constitutional rights to a speedy trial. The court in holding that a defendant may waive the right to a speedy trial said (pp. 359-360): “ This is not to say that a defendant may not consent to delay in bringing the indictment to trial and thereby waive his right. [Citing-cases] Not only is such a waiver spelled out where both prosecution and defense agree upon or stipulate for a postponement, but it may be implied, for example, from the fact that the defendant, although present in court, interposes no objection to a postponement sought by the district attorney. In that situation, the defendant’s silence and failure to assert his right to an immediate trial would be relevant.” The defendant, having failed to raise the objection of undue delay, waived such right. In People ex rel. Lee v. Jackson (285 App. Div. 33, 34, affd. 309 N. Y. 676) it was held, “ The contention that the prisoner did not have a speedy trial is a matter wMch must be raised at the trial, and may not be raised years after the trial by writ of habeas corpus.” Motion is denied. Submit order.