The People of the State of New York ex rel. Edward Morgan, Appellant, against J. Vernel Jackson, as Warden of Clinton Prison, Respondent.

Third Department, December 20, 1956.

*Edward Morgan,* appellant in person.

*Jacob K. Javits, Attorney-General (James O. Moore, Jr., Raymond B. Madden* and *Manuel T. Murcia* of counsel), for respondent.

FOSTER, P. J. This is an appeal from an order of the County Court of Clinton County which dismissed a writ of habeas corpus.

On November 13, 1942, relator pleaded guilty to the crime of robbery in the second degree, and thereafter was sentenced as a second felony offender for an indeterminate term of 25 to 30 years imprisonment. Subsequently, and on October 23, 1952 this sentence was vacated, and relator was thereupon sentenced again as a second felony offender, but this time to a term of from 9 years and 6 months minimum to 10 years maximum. This sentence represented the time relator had already served, and he was released to the custody of the District Attorney of Queens County pursuant to a warrant based upon an indictment dated November 19, 1942, which charged robbery, grand larceny and assault in the second degree. On March 23, 1953 relator pleaded guilty to the crime of assault in the second degree and was sentenced to an indeterminate period of from 5 to 10 years. It is this sentence and commitment which the relator attacks on the ground he was denied a speedy trial.

At the beginning of the trial of the second indictment, and before relator pleaded guilty, his counsel moved to dismiss the indictment because of the refusal of the New York State authorities to permit relator to serve notice upon the District Attorney of Queens County for a speedy trial. This motion was denied and relator thereafter pleaded guilty. No appeal was taken from the judgment of conviction, nor was any motion made in arrest of judgment.

The question before us is whether relator may raise the issue of a denial of a speedy trial by way of habeas corpus under the circumstances disclosed. It has been held that such

an issue must be raised at the trial, and if there is a failure to do so on the part of a defendant he may not successfully advance the same contention later by habeas corpus (*People ex rel. Lee* v. *Jackson,* 285 App. Div. 33, affd. 309 N. Y. 676). Here the relator raised the issue but when his motion was denied he failed to take an appeal from the judgment of conviction. It would seem that he is in no better legal position, so far as habeas corpus is concerned, than if he failed to raise the issue at all. Habeas corpus is not a catch all process to review any and all errors committed on a trial, especially as to rights which a defendant may waive. Where imprisonment is under a final judgment of conviction an inquiry under habeas corpus is limited to the issue of jurisdiction of the person and general jurisdiction of the offense charged (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131). In the *Prosser* case (*People* v. *Prosser,* 309 N. Y. 353), to which relator adverts, the appeal was from a judgment of conviction and the issue of a denial of a speedy trial was squarely embraced within the appeal. Such is not the case here, and we are constrained to hold that since relator failed to appeal he cannot successfully raise the issue now by habeas corpus that he might have raised on an appeal from the judgment of conviction.

The order should be affirmed.

BERGAN, COON and GIBSON, JJ., concur.

Order affirmed.