■　THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD DEAN HOLLIDAY, against LeROY WEAVER, as Superintendent of Elmira Reformatory, Respondent.— Appeal from an order of the Supreme Court, Chemung County, which dismissed a writ of habeas corpus after a hearing. Appellant was convicted in this State of the crime of burglary, third degree, and was sentenced on December 18, 1953 to the Elmira Reformatory, there to be dealt with according to law. This constituted an indefinite sentence with a maximum term of five years. He was paroled to the authorities of Columbus, Ohio (apparently under a uniform Interstate Parole Compact) on July 11, 1956, and later he was charged with having escaped from their custody or supervision. The New York State Division of Parole caused his apprehension in the State of Illinois apparently under the authority of section 224 of the New York Cor-

rection Law, and he was returned to the Elmira Reformatory as a parole violator. With proper credits for parole jail time his maximum sentence will not expire until December 16, 1958. Appellant urges that he was not extradited in conformity with the Uniform Criminal Extradition Act of this State (L. 1936, ch. 892), and especially that part of it contained in section 838 of the Code of Criminal Procedure. Such section provides in substance that in New York no person shall be surrendered under an extradition warrant until he has been taken before a judge of a court of record, informed of the charge against him and his right to counsel, and given time to apply for a writ of habeas corpus. In this connection appellant charges that his apprehension in Illinois was in violation of the New York statute and deprived him of the right of habeas corpus in Illinois, and hence that section 224 of the Correction Law is unconstitutional. Appellant also contends that section 224 violates his rights and privileges under the immunities clause and the Fourteenth Amendment to the Constitution of the United States. We doubt whether Illinois was bound by the New York statute but in any event assuming that appellant's arrest there was illegal such fact would in no way lessen the power of the New York authorities to compel him to serve the unexpired portion of his sentence. He was back within the jurisdiction of this State and it is immaterial how he came here so far as the New York authorities are concerned (*People ex rel Lee* v. *Jackson*, 285 App. Div. 33, affd. 309 N. Y. 676, cert. denied 350 U. S. 983). So far as the constitutionality of section 224 of the Correction Law is concerned the contention of appellant is answered, we think, by the decision in *People ex rel. Rankin* v. *Ruthazer* (304 N. Y. 302). Order affirmed, without costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.