THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH HILL, JR., Appellant.— Appeal from an order of County Court, Rensselaer County, which denied a petition for a writ of error *coram nobis*. In September, 1949 defendant was indicted in the Rensselaer County Court for murder, first degree. He filed a demurrer to the indictment. On January 3, 1950, with the defendant and his counsel present, the County Court disallowed the demurrer. A stenographic record was taken of the proceedings, a certified copy of which is made part of the record. No record of the clerk's notation of the disallowance of the demurrer has been produced. The statute (Code Crim. Pro., § 326) provides that the disallowance of a demurrer "must be entered on the minutes". We are of opinion that the exact stenographic transcription of the proceedings is a sufficient compliance with the statute. No challenge has been made of the accuracy of the minutes. It is not contended that the Judge did not disallow the demurrer. If the failure of the clerk to make a notation similar to that of the stenographic notes be deemed an irregularity, it was certainly not jurisdictional and was waived by defendant's plea of guilty to murder, second degree, on February 15, 1950. The argument pursued by appellant's counsel on appeal to this court that all proceedings after the disallowance of the demurrer were void is without substance. Order unanimously affirmed. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES STRAUB, Appellant.— Application for assignment of counsel denied. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. TANNEYHILL J. MONROE, Appellant, against J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Application for a writ of habeas corpus. The sole ground assigned herein for the issuance of a writ is that relator was not taken before a Magistrate promptly after his arrest. This is not a sufficient ground for habeas corpus after a trial and conviction, or after a plea of guilty. (*People ex rel. Morgan* v. *Jackson*, 3 A D 2d 48.) Application denied. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

In the Matter of the Claim of FRANK SCAVO, Respondent, against FRANK D'APRILE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Decision of this court (7 A D 2d 679), handed down November 10, 1958, amended to direct that costs be granted in favor of the Cosmopolitan Mutual Insurance Company. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.