**UNITED STATES of America ex rel.
Henry STEVENS, Relator-
Appellant,**

v.

**Walter H. WILKINS, Warden, Attica
State Prison, Respondent-Appellee.**

**No. 223, Docket 26648.**

United States Court of Appeals
Second Circuit.

Argued Jan. 19, 1961.

Decided Feb. 28, 1961.

Gary Orenstein, Syracuse, N. Y. (Orenstein & Orenstein, Syracuse, N. Y., on the brief), for relator-appellant.

George K. Bernstein, Asst. Atty. Gen., of State of New York (Louis J. Lefkowitz, Atty. Gen., Irving Galt, Asst. Sol. Gen., New York City, Gretchen White

Oberman, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before MEDINA, FRIENDLY and SMITH, Circuit Judges.

SMITH, Circuit Judge.

Relator is appealing from the denial, by Chief Judge Burke in the Western District of New York, of his application for a writ of habeas corpus on the ground that he had failed to exhaust his available state remedies. In order fully to dispose of this litigation, it is necessary to review the 25-year history of this case.

When originally indicted, in Oswego County Court in 1936, relator was charged with first degree murder in two counts. The murder had been committed during, or directly after, an attempted bank robbery. The first count was framed under the New York statutory equivalent of a common law murder violation, N. Y. Penal Law, McKinney's Consol.Laws, c. 40, § 1044(1); the second count was a felony murder charge, N. Y. Penal Law, § 1044(2). At the close of evidence, the court granted the state's motion, over appellant's objection, to drop the common law murder count. Consistent with the granting of the motion, the trial court refused to charge the jury on lesser degrees of murder or manslaughter and instructed them that they must return with a first degree murder conviction or an acquittal. They convicted.

In December of the same year his conviction was affirmed by a 4–3 majority of the New York Court of Appeals, People v. Stevens, 1936, 272 N.Y. 373, 6 N.E.2d 60. Relator failed to seek review of this decision, by certiorari, in the United States Supreme Court. The death sentence originally imposed was commuted to life imprisonment by then Governor Lehman on February 18, 1937.

In 1955, Stevens applied for a writ of habeas corpus to the Wyoming County Court claiming that the withdrawal of the common law murder count constituted double jeopardy. The writ was denied. His motion to appeal *in forma pauperis* was denied by the Appellate Division, People ex rel. Stevens v. Martin, 1955, 1 A.D.2d 799, 144 N.Y.S.2d 738. A motion for reargument was denied by that court on November 9, 1955. His application for certiorari to the Supreme Court was denied, 1956, 350 U.S. 1004, 76 S.Ct. 653, 100 L.Ed. 866.

Relator subsequently raised sufficient funds and perfected his appeal to the Appellate Division. The decision of the Wyoming County Court dismissing the writ was affirmed, 2 A.D.2d 869, 157 N.Y. S.2d 926 (case #2), 1956, and leave to appeal to the Court of Appeals was denied. 2 N.Y.2d XCII, 163 N.Y.S.2d XCII, 139 N.E.2d 433. At this juncture, he again failed to petition for certiorari in the Supreme Court.

██ It is clear that the exhaustion of state remedies requirement of 28 U.S. C. § 2254 normally includes a petition for certiorari to the United States Supreme Court. Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Relator failed to request certiorari after the affirmance of his original conviction in 1936; he repeated this omission after the Court of Appeals denied him leave to appeal the dismissal of his writ of habeas corpus. The one time he asked for and was denied certiorari does not aid him— for the question there raised was rendered moot when relator subsequently perfected his appeal to the Appellate Division. Unless, therefore, this case is so exceptional as to warrant dispensing with the requirement of exhaustion by application for certiorari, Darr v. Burford, supra, the decision of the District Court must be affirmed.

██ There is serious doubt as to whether the prisoner can efficaciously raise his alleged Federal questions in further state proceedings. Section 1231 of the New York Civil Practice Act would appear to foreclose him from the habeas corpus remedy solely on "state grounds," People ex rel. Lee v. Jackson, 1954, 285 App.Div. 33, 135 N.Y.S.2d 345, 347; further, "A writ of error *coram nobis* may not be invoked to show an error of law apparent on the face of the record."

People v. Sullivan, 1957, 3 N.Y.2d 196, 197, 165 N.Y.S.2d 6, 8, 144 N.E.2d 6. It is possible that relator could move for reargument of the appeal of his original conviction and then petition for certiorari if unsuccessful. There is a great likelihood, however, that such a motion on a 25 year old appeal would be turned down on the ground of untimeliness and that certiorari would be denied because the state court had not acted on the alleged Federal questions. Because further steps in the state courts would appear to offer the prisoner such little hope of even raising arguments on the merits of his alleged illegal detention, this case might justify dispensing with the ordinary exhaustion requirements.

■ Relator's petition, however, utterly lacks any merit on its face. The New York rule allowing withdrawal of the common law murder count in a case such as this, regardless of its inherent wisdom, presents no federal question. The record does not indicate that the original inclusion of the withdrawn count permitted the introduction of evidence which would have not been admissible on the felony murder count; relator, in his brief, does not advance such an argument in support of his contention that he has been denied his constitutional rights. The Federal Constitution guarantees each person accused of crime due process of law, a fair and impartial trial; it does not guarantee a choice to be prosecuted for the lesser of two possible charges. Berra v. United States, 1956, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013. Relator's double jeopardy argument would be strained and unconvincing even if the due process clause of the Fourteenth Amendment applied strictly, to the states, the Fifth Amendment prohibition against the Federal Government, which it does not. Not all cases of double jeopardy, so called, so offend our concept of ordered liberty as to constitute a lack of due process of law. The course of action approved by the New York rule here does not so offend. Cf. Palko v. State of Connecticut, 1937, 302 U.S.

319, 58 S.Ct. 149, 82 L.Ed. 288; Brock v. State of North Carolina, 1953, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456.

■ Petitioner was in jeopardy for the one killing on both counts when the trial began. Dismissal of one, the common-law murder count, in no way altered the fact that he had been and still was properly in jeopardy on the second count. No more would an acquittal on the first count invalidate a conviction on the second count.

The decision of the District Court is affirmed.