Benjamin Gassman,
Acting J. On January 16, 1957 the defendant was indicted on three counts, one count charging attempted rape in the first degree, and the other two counts charging assault in the second degree. On February 6, 1957 the defendant, with his retained counsel by his side, pleaded not guilty. On November 26, 1957 the defendant was convicted, after trial, of attempted rape in the first degree, and thereafter, on December 17, 1957, he was sentenced, as a sec *662 ond offender, to State prison for a term of not less than 5 years nor more than 10 years.
That conviction was affirmed by the Appellate Division, First Department, without opinion (7 A D 2d 975). Incidentally, no mention of the affirmance is made in the moving papers herein.
The defendant now moves for relief by writ of error coram nobis, seeking to set aside the judgment of conviction on two grounds. He urges (1) that on July 11, 1957, when his case appeared for trial before Hon. John M. Cauuella, Acting Judge of this court, the District Attorney moved for an adjournment to August 27, 1957, and that the court, over the defendant’s objection, granted such adjournment, stating that that was the final adjournment; that on August 27, 1957, the court, nevertheless, adjourned the case further; that several additional adjournments were had at the District Attorney’s request, until November 26, 1957, when the case was tried. This, the defendant contends, was a denial to him of a speedy trial, and that Judge Cannella’s adjournment of the case on August 27, 1957, “ constituted a breach of promise which infringed upon the Constitutional rights of the defendant ”. He argues further that “ any proceedings after the above mentioned date are null and void as a result of the prior irregularities ’ ’.
Defendant also urges (2) that “he did not have adequate representation of counsel; that the attorney who was entrusted to protect and safeguard the rights of this defendant was manifestly derelict in his duty”. However, no facts are alleged which would warrant such conclusion.
As to the first ground advanced by the defendant, the power to grant or deny an adjournment of a trial is clearly within the discretion of the trial court (People v. Jackson, 111 N. Y. 362) and the moving papers do not show that the trial court abused its discretion. Furthermore, ‘ ‘ It has been held that a defendant may not initially claim that he has not had a speedy trial in a habeas corpus or a coram nobis proceeding (People ex rel. Lee v. Jackson, 285 App. Div. 33, 34, affd. 309 N. Y. 676; People v. Begue, 1 A D 2d 289, 293 * * *). * * * The rationale of this rule is that a defendant cannot participate in a trial and save his objection in this respect to challenge an adverse verdict” (People v. White, 2 N Y 2d 220, 224).
As to the second ground advanced by the defendant, the purely conclusory allegations of alleged inadequate legal representation by defendant’s counsel are not substantiated by *663 any facts. The defendant’s affidavit is devoid of any factual support and hence does not justify the relief by writ of error coram nobis (People v. Fanning, 300 N. Y. 593; People v. Greenfield, 301 N. Y. 724; People v. Altruda, 5 N Y 2d 970; People v. Wurzler, 280 App. Div. 1020; People v. Neeley, 4 A D 2d 1019).
Accordingly, the defendant’s motion is in all respects denied. The District Attorney is directed to serve a copy of this decision and the order to be entered hereon, upon the defendant at his place of incarceration.