■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD GRAY, Appellant, v. W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.— Appeal from an order of the Supreme Court, Clinton County, dismissing relator's petition for a writ of habeas corpus after a hearing. On July 25, 1961 relator, serving a term of four to eight years, for robbery second degree, was transferred from Clinton Prison to Dannemora State Hospital pursuant to section 383 of the Correction Law. In November of 1961 relator petitioned for a writ of habeas corpus to examine the propriety of this transfer. On January 13, 1962 a hearing was held at which an independent psychiatrist designated by the court testified as to the result of a prior examination of relator he had conducted and was cross-examined by relator. At the conclusion it was the court's determination that relator's continuing insanity had been established. Thus the requirements of *People ex rel. Brown* v. *Johnston* (9 N Y 2d 482) have been met. We do not find the procedures here involved violative of relator's constitutional guarantees. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THEODORE MIDDLETON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order of the Supreme Court at Special Term in Clinton County denying appellant's application for a writ of habeas corpus. Relator having been convicted previously of a felony was again convicted in 1958 in the County Court of Kings County upon his plea of guilty to an indictment charging him with the violation of subdivision 1 of section 1897 of the Penal Law and sentenced to imprisonment for a term of three to six years. No appeal from the judgment of conviction was taken. Relator alleges that his constitutional rights were violated by an unlawful search and seizure of the pertinent weapon at the time of his arrest and by the use of the evidence thus procured before the Grand Jury as the basis for his indictment. In the instant context these questions may not be examined by habeas corpus. (*People ex rel. Singfield* v. *Jackson,* 7 A D 2d 668; *People ex rel. Horowitz* v. *Morhous,* 275 App. Div. 868; see, also, *People* v. *Defore,* 242 N. Y. 13, cert. denied 270 U. S. 657; *Wolf* v. *Colorado,* 338 U. S. 25; *People* v. *Loria,* 10 N Y 2d 368; *People* v. *Muller,* 11 N Y 2d 154.) Relator was detained by virtue of a final judgment of a competent tribunal which had jurisdiction of the crime charged and the person of the defendant. (*People ex rel. Lee* v. *Jackson,* 285 App. Div. 33, affd. 309 N. Y. 676, cert. denied 350 U. S. 983.) Special Term correctly denied the application. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.