John T. Casey, J.
In this CPLR article 78 proceeding the petitioner, a permanently appointed, grade 19, parole officer in the competitive class of State civil service and employed by the Department of Correctional Services, seeks reinstatement to that position, from which he was placed on an involuntary leave of absence on October 23, 1975.
*611 In June, 1975 the petitioner suffered a heart attack and subsequently a diabetic condition was discovered for which he was hospitalized and upon his request was granted a leave of absence from his duties with pay. The respondent notified him that before his return to duty he would be required to undergo a complete physical examination by a Dr. Sacket of Employee Health Services at the respondent’s expense. This examination was conducted and the respondent was advised that the petitioner was not physically able to resume the full duties of his position. When so notified the petitioner submitted statements from three physicians chosen by him indicating that he was able to return to duty without limitation and the petitioner requested reinstatement.
The respondent refused the request contending that at most there was a difference of opinion among medical experts and the petitioner’s return to duty was not required thereby.
The petitioner maintains that this determination is arbitrary and capricious and constitutes an illegal termination of employment of a permanent civil service employee in violation of section 75 of the Civil Service Law.
The respondent contends that sections 71, 72 and 73 of the Civil Service Law and not section 75 relate to separation from State service for physical or mental disability and contain distinct and separate procedural requirements which the petitioner has not utilized or exhausted. The respondent also relies on section 21.3 (e) of title d of the Official Compilation of Codes, Rules and Regulations of the State of New York, which derives the force and effect of law from section 6 of the Civil Service Law.
Conceding this regulation the force of law, it merely requires the petitioner to be examined by a physician designated by the appointing authority, to establish that he is not disabled from the performance of his normal duties and that his return to duty would not jeopardize the health of other employees. Nowhere does the regulation provide for any hearing to determine a disputed question of disability, as herein. Rather it makes the opinion of the doctor designated by the appointing authority absolute and unquestionable. If this regulation were determinative it would have to be stamped arbitrary and capricious and violative of the petitioner’s right to due process. (Cf. Snead v Department of Social Servs. of City of N.Y., 355 F Supp 764, 769, judgment vacated and remanded 416 US 977, reaffd 389 F Supp 935, judgment *612 vacated and remanded, 421 US 982, reaffd — F Supp —, Opn of Wm. H. Mulligan, Jr., Dec 10, 1975.) On its face the regulation may be valid if it be considered a mere procedural step in the process of separation from service of an employee. It is not violative of any right of an employee who is absent on leave because of a personal illness, to require him to undergo a physical examination before resuming his occupational duties. But that physical examination alone cannot be determinative of termination or separation from employment of a permanent employee without affording him the procedural safeguards and hearings mandated by section 75, at least where he objects to this medical diagnosis of disability and has proof to offer in contravention thereof. (See Matter of Smith v McNamara, 277 App Div 580; Matter of O’Connor v New York City Tr. Auth., 144 NYS2d 409, mod and affd 1 AD2d 799, app dsmd 4 NY2d 850.)[1]
The respondent’s contentions that sections 71, 72 and 73 of the Civil Service Law apply are also incorrect. Section 71 applies only to a disability resulting from an occupational injury or disease as defined in the Workmen’s Compensation Law and there is no claim herein that this petitioner’s physical condition was incurred occupationally. If the first sentence of subdivision 1 of section 72 applies, it does nothing more than require an employee, who is unable to perform his duties in the judgment of the appointing authority by reason of a disability, other than a disability resulting from occupational injury or disease as defined in the Workmen’s Compensation Law, to undergo a medical examination by a medical officer selected by Civil Service Department. In other words, this sentence of section 72 requires an employee who is working to submit to an examination for suspected disability, the same as the regulation requires an employee on sick leave to submit to such an examination before his return to employment. If that sentence can be construed to apply to physical as well as mental disability of employees (and in my opinion it can be) clearly the rest of the statute by its very terms and procedures can be applied only to disability resulting from mental unfitness (see Matter of Brockman v Skidmore, 43 AD2d 572) as distinguished from physical disability.
*613 Section 73 which must be read with section 72 (see § 72, subd 4) applies only to termination of service when an employee has been continuously absent from and unable to perform his duties for one year or more by reason of a disability, other than a disability resulting from occupational injury or disease as defined by Workmen’s Compensation Law. The petitioner herein has not been absent for one year and has not as yet at least been terminated, so section 73 has no applicability at present.
Having concluded that the provisions of the statutes urged as controlling by the respondent are inapplicable, the question remaining in this proceeding is whether or not a permanent civil service employee can be forced to remain on an involuntary leave of absence until he is terminated, simply because a physician designated by the appointing authority has indicated that in his opinion the employee is physically unfit to perform his duties but there are other medical opinions on the petitioner’s behalf, to the contrary. To permit such employee on a personal leave of absence to be kept inactive until he ultimately becomes terminated would permit the appointing authority to pounce on every personal leave of absence, have the employee physically examined by a physician designated by the appointing authority and if a finding of disability were made by the designated examining physician, have the employee removed with no resort to the protection such employee is entitled to under section 75 of the Civil Service Law.
There is no . difference between the rights of a permanent employee who is working and those of a permanent employee who is on a leave of absence and seeks reinstatement because his own doctors have pronounced him cured. If the former is entitled to the protection of section 75, then the rights of the latter should also be so protected. This is not to say that the petitioner herein will succeed, but it does mean that the petitioner herein as a permanent employee is required to have a full adversary hearing on the question of his physical disability and a forum in which to offer his medical proof and a determination made thereof that can be reviewed on the question of the substantial evidence offered. Due process requires this result. (See Snead v Department of Social Servs. of City of N. Y., supra.)
Petition granted and the petitioner is ordered reinstated with the full compensation required by section 77 of the Civil Service Law. If the respondent desires to remove the pe *614 titioner because of physical disability rendering him incompetent to perform his duties resort must be had to the procedure provided in section 75 of the Civil Service Law.

. Matter of Gribbin v Kennedy (7 Mise 2d 479) and Hansen v Kennedy (163 NYS2d 301) are not to the contrary. These authorities hold that the commissioner has the right to terminate the employment for medical reasons as long as his determination is not arbitrary and capricious. These cases concern probationary employees, however, and do not affect permanent employees.