934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raphael TERRY, Petitioner-Appellant,
v.
James N. ROLLINS, Warden, J. Joseph Curran, Jr., Esquire,
Attorney General for the State of Maryland,
Respondents-Appellees.
 No. 91-7042.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 12, 1991.
Decided May 29, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-90-875-K)
 Raphael Terry, appellant pro se.
 Jillyn Kaberle Schulze, Office of the Attorney General, Baltimore, Md., for appellees.
 D.Md.
 DISMISSED.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raphael Terry, a Maryland prisoner, seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Terry raised five issues, each of which lacks merit. We deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Terry's first challenge is a double jeopardy claim arising from the fact that many of the charges initially brought against Terry were dropped before the case went to the jury. Regardless of whether the prosecutor was granted a nolle prosequi, or whether Terry's motion for judgment of acquittal was granted on the charges which did not go to the jury, no double jeopardy problem arose. Marshall v. United States, 299 F.2d 141, 142 (10th Cir.) (dismissal of lesser included charge does not invalidate or affect further prosecution and sentence on remaining count even if two counts represent the same crime), cert. denied, 370 U.S. 958 (1962); United States v. Wilkins, 287 F.2d 865, 868 (2d Cir.) (petitioner is in jeopardy on both counts when trial begins; dismissal or acquittal on one count does not invalidate conviction or sentence on second since petitioner has always remained in jeopardy on the second count), cert. denied, 368 U.S. 853 (1961).
 
 
 3
 Terry's challenges to the constitutionality of Maryland Code art. 27, Sec. 643B(c) are meritless. He has shown no support for his unique interpretation of the statute. Terry's claim that Maryland Code art. 27, Secs. 36B(d) and 488 create double jeopardy problems is equally unavailing. Carey v. Maryland, 617 F.Supp. 1143, 1151 (D.Md.1985), aff'd, 795 F.2d 1007 (4th Cir.1986) (table). A review of the record shows that there was ample evidence of identification to go to the jury under Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 4
 Terry's claims of ineffective assistance of counsel do not entitle him to relief. Terry's double jeopardy claim was meritless; therefore his attorney was under no obligation to raise it. Acha v. United States, 910 F.2d 28, 32 (1st Cir.1990). The state post-conviction court found that defense counsel's introduction of an artist's sketch of the robber was a strategic decision. This finding is presumptively correct. Evans v. Thompson, 881 F.2d 117, 125 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3818 (U.S.1990). The introduction of the sketch did not fall below the level of conduct approved in Strickland v. Washington, 466 U.S. 668, 68788, 694 (1984).
 
 
 5
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.